IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY MARTEN,                           )
              Plaintiff,        )      C.A. No. 09-262 Erie
                                         )
              v.                 )      District Judge Cohill
                                         )      Magistrate Judge Baxter
CORRECTIONS OFFICER BARGER,    )
et al.,                                   )
              Defendants.        )

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

It is respectfully recommended that Defendant Barger's motion for summary judgment [ECF No. 33] be granted.

## II.    REPORT

### A.    Relevant Procedural History

On October 16, 2009, Plaintiff Jeffrey Marten, a prisoner incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), initiated this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against the following staff members at SCI-Forest: Corrections Officer Barger ("Barger"); E.D. Ray ("Ray"); E.J. Wojcik ("Wojcik"); and Overmyer, (incorrectly identified in the Complaint as "Obermyer"). Plaintiff's claims against Defendants Ray, Wojcik, and Overmyer were subsequently dismissed by Memorandum Order of District Judge Maurice B. Cohill dated September 29, 2010, and said Defendants were terminated from this case. [ECF No. 27]. Thus, the only Defendant remaining in this case is Defendant Barger.

In his *pro se* complaint [ECF No. 1], and amendment thereto [ECF No. 5], Plaintiff

alleges that Defendant Barger assaulted him with a night stick and kneed him in the left eye in violation of his Eighth Amendment rights and in retaliation for his pursuit of a federal lawsuit against a prison official.[1] As relief for his claims, Plaintiff seeks compensatory and punitive damages.

The parties have completed discovery in this matter and Defendant Barger has now filed a motion for summary judgment arguing that he is entitled to judgment as a matter of law because Plaintiff's allegations of assault and retaliation are "a complete fabrication." [ECF No. 33]. Plaintiff has filed a response to Defendant Barger's motion, essentially reaffirming the allegations of his complaint. This matter is now ripe for consideration.

### B.   Relevant Factual History

On August 25, 2009, Plaintiff claims that, during the 6 a.m.- 2 p.m. shift, Defendant Barger opened Plaintiff's cell door without warning and entered the cell carrying his nightstick. (Id. at Section VI.E.6). According to Plaintiff, Defendant Barger proceeded to knock Plaintiff to the floor by hitting him in the back of his knees with the nightstick, and then struck Plaintiff's left eye with his knee. (Id. at Section VI.E.7-8). As a result, Plaintiff sustained bruises to the backs of his knees and "a swollen black and blue left eye," for which Plaintiff received medical attention. (Id. at Section VI.E.9, 11).

### C.   Standards of Review
#### 1.   Summary Judgment

---

[1]

Plaintiff also asserted state law claims of assault and battery against Defendant Barger, which were dismissed by District Judge Cohill based on Pennsylvania's sovereign immunity. [ECF No. 27].

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e)(2) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. Fed.R.Civ.P. 56©. The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

3

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007). A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson, 477 U.S. at 248. Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 247-249.

"Where the party opposing a motion for summary judgment bears the ultimate burden of proof, the moving party may discharge its initial burden of showing that there is no genuine issue of material fact 'by showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.'" Player v. Motiva Enterprises, LLC, 240 Fed.Appx 513, 522 n4 (3d Cir. 2007) quoting UPMC Health Sys. v. Metro. Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). If the moving party has satisfied its initial burden, the nonmoving party must, in their opposition to the motion, identify evidence of record that creates a genuine issue of material fact. Childers v. Joseph, 842 F.2d 689, 694-95 (3d Cir. 1988).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See

Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C.    Discussion

Defendants previously moved for summary judgment as to Plaintiff's claims against Defendant Barger, asserting then, as here, that "Plaintiff's allegations against CO Barger are a complete fabrication." (ECF No. 14, Defendants' Brief, at p. 5). At that time, Defendants supported their assertion with a copy of a computer printout obtained from SCI-Forest's maintenance department, which indicated that Plaintiff's cell door was never opened on August 25, 2009, the day on which Plaintiff claims Defendant Barger entered his cell and assaulted him. (See Exhibit A attached to Defendants' Motion to Dismiss, ECF No. 13-1, at p. 7 (internal p. 6)).[2] In addition, Defendants cited the report of Lt. Mongelluzzo of the Pennsylvania Department of Corrections' Security Office, who investigated Plaintiff's Abuse Allegation against Defendant Barger and concluded as follows: "[t]he Security Office feels that the alleged assault on inmate Martin did not take place and the injuries that he received were self inflicted

---

[2]

The authenticity of this printout was verified by a Commonwealth Employee Witness Statement signed by an unknown SCI-Forest staff member and witnessed by "Lt. Mongelluzzo" on September 2, 2009. (See Exhibit A attached to Defendants' Motion to Dismiss, ECF No. 13, at p. 9 (internal p. 8)).

to discredit staff, incur a transfer and/or receive monies for damages." (See Exhibit A attached to Defendants' Motion to Dismiss, ECF No. 13-1, at p. 2 (internal p. 1)). Based on the foregoing evidence, Defendants argued that "[t]he assault never happened and Plaintiff has been caught in a lie." (Defendants' Brief, ECF No. 14, at p. 6).

In response, Plaintiff argued that the security video tape of August 25, 2009, would "prove that defendant Barger did in fact enter plaintiff's cell and unlawfully beat him;" but that defense counsel "deliberately refused to produce the August 25, 2009 video tape." (ECF No. 20, Plaintiff's Response in Opposition to Defendants' Motion, at p. 3). Plaintiff asserted further that "[c]ounsel cannot come back and say the video tape doesn't exist as he has already testified during the November 16, 2009 court teleconference [in the instant case] that the defense has the video tape of August 25, 2009." (Id.). In consideration of this argument, the Court reviewed the transcript of the November 16, 2009 teleconference and took judicial notice of the fact that defense counsel did indeed disclose that Defendants "have a video that shows that there's absolutely nobody close to his cell at the time [Plaintiff] says [the alleged assault] happens." (See ECF No. 23, transcript of November 16, 2009, hearing, at p. 13). Based on this statement, this Court determined that the security video would provide the best evidence of whether Defendant Barger entered Plaintiff's cell on August 25, 2009, or not, and, thus, concluded that the absence of such video from the record left a genuine issue of material fact as to whether the alleged assault could have taken place as Plaintiff claims.

Defendant Barger has now supported his current motion for summary judgment with the missing security video, which is recorded on four (4) DVD's. [ECF No. 37]. The DVD's contain surveillance video footage of Plaintiff's JA pod during Defendant Barger's entire 6 a.m. - 2 p.m. shift on August 25, 2009. Unfortunately, Plaintiff's cell is outside the view of the video camera, such that the footage neither supports nor negates Plaintiff's allegations. Thus, instead of providing the best evidence of the events at issue, the security video is inconclusive, at best.

Nonetheless, Defendant Barger has also submitted the Declaration of Corrections Officer

Derek Oberlander, Corrections Facility Maintenance Manager 3 at SCI-Forest [ECF No. 36-1 at pp. 24-26], in support of the previously submitted computer printout that shows that Plaintiff's cell door was never opened on August 25, 2009. (Exhibit A attached to Defendants' Motion to Dismiss, ECF No. 13-1, at p. 7 (internal p. 6)). In his Declaration, C.O. Oberlander certifies the following, in pertinent part:

> 2.      As part of my duties, I am familiar with the SQL computer database - the database that records every time a cell door is opened within the Institution.
>
> 3.      There is no way to manipulate the data contained within the database. The only thing those who have access to this database can do is retrieve information already contained within the database, *i.e.* when cell doors were opened. There is no way for them to change in any fashion the information already contained in the database.
>
> 4.      The "door status" reports that are printed, like the one in the instant case, are generated from the raw data that is stored in the SQL database. The program prompts the user for a date and a TAG (door number) and when the user inputs that request the report is generated automatically. I emphasize once again, there is no way to manipulate that data. If [Plaintiff] is claiming that system can be "hacked" into to change data he is incorrect
>
> 5.      In response to the SCI-Forest Security Office's request of August 28, 2009, Electronics Trades Instructor (ETI) Floyd Lutz pulled the "door status" report for [Plaintiff's] cell, JA 2018, for August 25, 2009, the date [Plaintiff] claims staff assaulted him in his cell.
>
> 6.      The record shows that [Plaintiff's] cell door was never opened on August 25, 2009.

(ECF No. 36-1 at p. 24-25, ¶¶ 2-6).

The only rebuttal offered by Plaintiff in response to C.O. Oberlander's Declaration is his own declaration stating that "[t]he door computer print-out provided by Mr. Derek Oblander [sic] is an inaccurate document because my cell door (Cell JA2018) at SCI Forest was in fact opened on August 25, 2009, by [Defendant] Barger." (ECF No. 38 at p. 12). Such a bald assertion alone is insufficient to overcome the fairly conclusive documentary evidence showing

that Plaintiff's cell door was never opened on August 25, 2009. This evidence renders false Plaintiff's allegation that Defendant Barger entered his cell and assaulted him on August 25, 2009. Thus, both of Plaintiff's claims fail as a matter of law, and summary judgment should be entered in favor of Defendant Barger accordingly.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant Barger's motion for summary judgment [ECF No. 33] be granted.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 25, 2011

cc:     The Honorable Maurice B. Cohill
        United States District Judge